EASTERN DIST.
March, 1840.

VERRET ET AL.
vs.
A. BOURGEOIS.

### VERRET AND OTHERS *vs.* A. BOURGEOIS.

#### APPEAL FROM THE SAME COURT.

By agreement of counsel the same judgment must be rendered as in the case of Verret and others *vs.* Theriot.

The judgment of the court below is, therefore, affirmed with costs.

———

A rehearing was granted at the instance and on the prayer of the plaintiffs.

At this term it was argued by Messrs. *Beatty, Roselius* and *C. Janin,* for the appellants.

*Miles Taylor,* for the defendant, appellee.

*Morphy, J.,* delivered the opinion of the court.

This case was determined in last March term, and now comes before us upon a rehearing. The facts on which it

turns are few and undisputed. Some time in 1818, Solomon Verret died intestate, in the parish of Lafourche Interior without descendants, but leaving his father, two brothers and a sister. The three latter are plaintiffs in this suit.

Jacques Verret, as sole heir of his deceased son, under the old Civil Code, took possession of the property left by him, and on the 27th of January, 1820, sold to the defendant a tract of land which was part of the estate.

Long previous to the death of his son, Verret, had contracted a second marriage.

This suit is brought by the plaintiffs to recover the land thus sold to the defendant, on the ground that their father, on account of his second marriage, inherited only the usufruct during life of the property left by Solomon Verret, their brother ; but that the right to the said property rested in them, and therefore, he was without any power or title to sell the same.

The defendant pleaded the prescription of ten years, based on possession, good faith and a just title.

The plaintiffs' right to the property sold by their father is asserted under article 227, page 258, of the old Civil Code. By this law the surviving husband or wife who marries again, is forbidden to dispose of the property which he or she inherits from some of the children of the first marriage, these effects being reserved for the children of said marriage. This provision is evidently taken from the 15th law of Toro, which provides that "in all cases in which women shall contract a second marriage, they shall be bound to reserve to the children of the first marriage the property they shall hold from the first husband, or shall have inherited from any of the children of the first marriage. The same obligation to reserve shall exist for men who marry a second or third time, so that whatever the law ordains as to women marrying a second time, applies to men who marry a second or third time.

So. the provision in article 227, page 258 of the old Civil Code, that the surviving husband or wife who marries again is forbidden to dispose of the property inherited from any of their deceased children of the first marriage, it being reserved for the children of that marriage, is taken from the 15th law of Toro.

The opinion we have formed on the law invoked by the plaintiffs, as applicable to the facts of this case, renders it unnecessary for us to notice several questions argued at bar.

EASTERN DIST.    The old Civil Code of 1808, being a digest of the civil
*March*, 1840.   laws which were in force in this country when it was adopted,

VERRET ET AL.    it has always been held by this court that their re-enactment
*vs.*            in that work did not repeal the exceptions which limited
THERIOT.         their operations under the Spanish jurisprudence.    See *Dun-*
*can's Executors* vs. *Hampton,* 6 *Martin, N. S.,* 38.

The Civil Code    This obligation to reserve, which was imposed as a penalty
of 1808 is a di-  on the surviving spouse who contracted a second marriage,
gest of the civil
laws which were  was restricted by several exceptions, which we find laid down
in force in Lou-  in the writers; one of them was, that this obligation to
isiana, and the
re-enactment of  reserve did not extend to property acquired by the children
them did not re-  of the first marriage otherwise than by inheritance from the
peal the excep-
tions which li-   deceased father or mother, whose memory was supposed to
mited their ope-  have been offended against by such second marriage; but
ration under the
Spanish juris-   that whatever the children of the first marriage acquired by
prudence.         inheritance from any other relation or stranger, by donation,
But the Span-
ish laws make    sale, exchange, by their own industry, or in any other way
an    exception, whatsoever, except by inheritance from their deceased father
that the surviv-
ing spouse, on   or mother, was not embraced in the obligation to reserve,
marrying again,  and became the absolute property of the surviving spouse.
*is not bound to*
*reserve* property *Febrero, part* 1, *cap.* 3, *No.* 2 ; *Idem., part* 2, *lib.* 11, *cap.* 5,
acquired other-  §1, *No.* 9, *and* §11, *No.* 16 ; *Gomez ad Legis Tori,* 14, 15
wise than by in-
heritance,   for *and* 16, *No.* 2.
the children of
the first mar-        In this case the evidence shows that Solomon Verret pur-
riage.   It be-
comes his abso-  chased the property which is the subject of the present con-
lute property, if troversy, from one Peter Daspit, a great number of years
it has been pur-
chased by his    after the death of his mother, and but a few months before
deceased child,  his own.    It is not shown what estate was left by Jacques
from the mo-
ment of  his     Verret's first wife ; nor is it pretended that the land was
death.           acquired by money derived from her.    We must then say,
that on the death of Solomon Verret, his father acquired an
absolute and unconditional ownership in the property he
afterwards sold to the defendant.

It is, therefore, ordered, that the judgment of this court
remain undisturbed.